[Civ. No. 21269. Fourth Dist., Div. Two. Sept. 16, 1980.]

JOHN A. MARLOW, JR., Plaintiff and Appellant, v.
ORANGE COUNTY HUMAN SERVICES AGENCY et al.,
Defendants and Appellants.

COUNSEL

Ronald E. Wiksell for Plaintiff and Appellant.

Adrian Kuyper, County Counsel, and John W. Anderson, Deputy County Counsel, for Defendants and Appellants.

OPINION

McDANIEL, J.—The petitioner (Marlow) was accused by the Orange County Human Services Agency (agency) of violating one of the rules of the Methadone Maintenance Program.[1] After a hearing of such accusation, Marlow was dismissed from the program. He sought a writ of mandate on the ground that the hearing was conducted improperly because, despite Marlow's objection, the witnesses had not testified under oath. The trial court viewed this as error and issued a peremptory writ of mandate requiring the agency to hold another hearing at which the witnesses would be sworn. The agency appealed from this judgment. Also at issue on this appeal is the propriety of the trial court's orders regarding two items of costs: (1) that the cost of the reporter's transcript be awarded to petitioner; and (2) that attorney's fees be not. It is as to the latter order that Marlow cross-appealed.

I

■ On appeal the agency argues that it was not required to examine witnesses under oath, and that use of unsworn witnesses did not violate Marlow's right to due process because methadone maintenance is not a fundamental right. In making such an argument, the agency goes into constitutional issues unnecessary to the determination of the case before us.

Code of Civil Procedure section 1094.5 provides for review of administrative hearings by way of mandamus. Under subdivision (b) of that section, "[t]he inquiry in such a case shall extend to the questions

---

[1]The rule which Marlow was accused of breaking was the rule forbidding use of alcohol.

whether the respondent has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence."

The procedure for termination of a participant in a methadone maintenance program requires that there be: "Explanation to the patient of his right during the hearing to: [¶] (A) Be represented at the hearing by a person or attorney he selects. [¶] (B) Call witnesses on his behalf. [¶] (C) Examine witnesses presented by the program." (Cal. Admin. Code, tit. 9, § 1293, subd. (b) (4).)

Under Code of Civil Procedure section 1878, "A *witness* is a person whose declaration under oath is received as evidence for any purpose, whether such declaration be made on oral examination, or by deposition or affidavit." (Italics added.) Further, some sections of the California Administrative Code require that testimony in such proceedings be taken under oath.[2]

It is thus clear from the statutes that testimony taken from *witnesses* in administrative hearings must have the same threshold guarantee of truthfulness as testimony taken in a court of law. This conclusion is supported by case law.

In *Scannell* v. *Wolff* (1948) 86 Cal.App.2d 489 [195 P.2d 536], the court stated that certain unsworn writings which eventually were not offered, if they had been offered, "would have been rejected as no evidence at all." (*Id.*, at p. 494, citing Code Civ. Proc., § 1878.)

Then, in *Todd* v. *City of Visalia* (1967) 254 Cal.App.2d 679 [62 Cal.Rptr. 485], unsworn testimony came in without objection at an administrative hearing. The court held that ordinarily it is required that testimony be given under oath, but that the parties could and did waive the requirement. (*Id.*, at p. 690.) No such waiver occurred in the case before us.

---

[2]See, e.g., California Administrative Code, title 1, section 124, subdivision (a): "Oral evidence shall be taken only on oath or affirmation."

Whatever may be our view of the wisdom or efficacy of the Methadone Maintenance Program, it is clear that the trial court properly granted the petition for a peremptory writ of mandate, not because of some due process violation, but because the agency violated the procedural requirements mandated by state law.[3]

## II

■ The agency also appealed from the trial court's order awarding to Marlow the costs of preparation of a reporter's transcript of the termination hearing. The hearing was tape recorded by the agency as provided by California Administrative Code, title 9, section 1293, subdivision (g). Marlow, however, without any complicity of the agency, hired a court reporter to be present and take down the testimony in stenotype. This was later transcribed and used by Marlow, the agency, and the court. Significantly, Marlow never requested that the tape recording be reduced to a written record, and it is apparent from the record that even today that record remains untranscribed.

Under Code of Civil Procedure section 1094.5, subdivision (a), "[i]f the expense of preparing all or any part of the record has been borne by the prevailing party, such expense shall be taxable as costs.

In a technical sense, of course, Marlow has clearly borne the costs of preparing the record, insofar as "record" means that which was before the court. The agency, however, argues that this was not an "official" record and that Marlow cannot properly recover his costs because he did not request that the tape recording be transcribed.

Whether a particular cost was necessary or incurred in good faith is an issue for the sound discretion of the trial court. (*Simpson* v. *Gillis* (1934) 1 Cal.2d 42, 55 [32 P.2d 1071].) In awarding costs to Marlow, the trial court made its reasons clear: "Every writ of mandate I had that ever relied on the tape were [*sic*] unsatisfactory and inadequate to determine what occurred. I know that in one I was required to grant a writ because the record was so replete with unintelligible matters the stenographer couldn't even transcribe it."

---

[3]The trial court rested its decision upon due process grounds, while we have viewed the matter as an issue of California procedural law. Nevertheless, the trial court did reach the correct result, and thus its judgment should be affirmed. (See *D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 19 [112 Cal.Rptr. 786, 520 P.2d 10].)

Thus, it was the trial court's view that the action of Marlow in providing for his own transcript was reasonable and, perhaps, even necessary. We decline to interfere with that exercise of discretion.

### III

■ Finally, Marlow cross-appealed from the order of the trial court denying him attorney's fees. Under Government Code section 800, these fees are recoverable when it is shown that the action of the public entity was arbitrary or capricious. Marlow "admits to some difficulty with respect to these matters," as well he should. The petition for writ of mandate did not allege arbitrary or capricious behavior, and the trial court stated, although the ruling in regard to swearing witnesses was wrong, that it was not arbitrary or capricious.

A denial of attorney's fees under Government Code section 800 necessarily involves a factual conclusion that the conduct of the agency was not arbitrary or capricious. We are not in a position to interfere with the trial court's determination on that issue either. (*Reeves v. City of Burbank* (1979) 94 Cal.App.3d 770, 776 [156 Cal.Rptr. 667].) Thus, the trial court properly denied Marlow's claim for attorney's fees.

### DISPOSITION

The judgment issuing the peremptory writ of mandate and the post-judgment orders awarding costs for preparation of the transcript and denying attorney's fees are affirmed.

Kaufman, Acting P. J., and Morris, J., concurred.

A petition for a rehearing was denied October 15, 1980, and the petition of defendants and appellants for a hearing by the Supreme Court was denied December 10, 1980. Newman, J., was of the opinion that the petition should be granted.